IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Michael Frazier<br>Deirdre Thurston-Frazier<br>　　　　　　　　　Debtors | CHAPTER 13 |
| Toyota Motor Credit Corporation<br>　　　　　　　　　Movant<br>　　vs. | NO. 16-14853 JKF |
| Michael Frazier<br>Deirdre Thurston-Frazier<br>　　　　　　　　　Debtors | 11 U.S.C. Section 362 |
| Frederick L. Reigle<br>　　　　　　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage referenced in Movant's motion for relief has been cured, and the Debtor(s) is/are current, and paid up through the payment due September 12, 2017, on post-petition payments due to Movant under the Retail Installment Sale Contract referenced in the motion.

2. Debtor(s) shall maintain going forward, and pay when due, the post-petition contractual monthly payments due under the Retail Installment Sale Contract, beginning with the payment due October 12, 2017 in the amount of $348.81.

3. In the event that any of the payments described under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor(s) attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting Movant relief from the automatic stay, as set forth in the proposed Order filed with Movant's motion for relief, and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to said Order. ("Movant" in this paragraph and hereinafter includes Movant's successors or assignees, should the claim be assigned or transferred.)

4. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

5.  If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

6.  The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the Retail Installment Sale Contract and applicable law.

Date: September 8, 2017

By: /s/ Matteo S. Weiner, Esquire
Matteo S. Weiner, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734
Attorneys for Movant

Date: 9/19/17

Bruce J. Trawick, Esquire
Attorney for Debtors

Date: 9/21/17

Frederick L. Reigle
Chapter 13 Trustee

Approved by the Court this __3rd__ day of __October__, 2017. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
~~Stephen Raslavich~~  Jean K. FitzSimon